# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Lisa Mensch, Administrator of the | : | TRIAL BY JURY DEMAND |
| Estate of Taylor Mensch | : | |
| 602 Willow Way | : | 22-cv-4959 |
| Glenolden, PA 19036 | : | |
| Plaintiff. | : | |
| | : | |
| v. | : | |
| | : | |
| Pyramid Healthcare, Inc. | : | |
| 1894 Plank Rd | : | |
| Duncansville, PA 16635 | : | |
| | : | |
| Delaware County | : | |
| 201 W. Front Street, 2nd Floor | : | |
| Media, PA 19063 | : | |
| | : | |
| The GEO Group, Inc. | : | |
| 500 Cheyney Road | : | |
| Thornton, PA 19373 | : | |
| | : | |
| Jonathan Wolf | : | |
| 1894 Plank Rd | : | |
| Duncansville, PA 16635 | : | |
| | : | |
| Jean Clifton | : | |
| 1894 Plank Rd | : | |
| Duncansville, PA 16635 | : | |
| | : | |
| Jason Hendricks | : | |
| 1894 Plank Rd | : | |
| Duncansville, PA 16635 | : | |
| | : | |
| Matt Hosband | : | |
| 1894 Plank Rd | : | |
| Duncansville, PA 16635 | : | |
| | : | |
| Melissa Ortiz | : | |
| 1894 Plank Rd | : | |

1

Duncansville, PA 16635            :
                                               :

Matthew Parham                :
1894 Plank Rd                 :
Duncansville, PA 16635       :
                                                 :

Khalil Tawwab                 :
1894 Plank Rd                 :
Duncansville, PA 16635       :
                                                 :

C. Nardone                     :
500 Cheyney Road          :
Thornton, PA 19373         :
                                                 :

Sgt. Meyer                     :
500 Cheyney Road          :
Thornton, PA 19373         :
                                                 :

John Doe Corrections Officers    :
500 Cheyney Road          :
Thornton, PA 19373         :
       Defendants          :

## FIRST AMENDED COMPLAINT

Plaintiff, by and through her attorneys, Brian J. Zeiger, Esquire, and Lauren A. Wimmer, Esq., hereby alleges the following:

## JURISDICTION & VENUE

1.     Plaintiff alleges civil rights violations under 42 U.S.C. § 1983 and this Court has jurisdiction pursuant to 28 U.S.C. § 1343 and 28 U.S.C. § 1331.

2.     Plaintiff alleges state court claims under Pennsylvania law, this Court has jurisdiction pursuant to 28 U.S.C. § 1367, as supplemental or pendent jurisdiction.

3.     Defendants reside in the Eastern District of Pennsylvania and venue is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

2

4.     At all times relevant hereto, the Plaintiff Lisa Mensch, Administrator of the Estate of Taylor Mensch, is an adult resident of Delaware County, Pennsylvania who lives at 602 Willow Way, Glenolden, PA 19036.

5.   Defendant Delaware County, is an incorporated Municipality in Pennsylvania, located at 201 W. Front Street, 2nd Floor, Media, PA 19063.

6.   Defendant the GEO Group, Inc. (hereinafter "the GEO Group"), has a principal business located at 500 Cheyney Road, Thornton, PA 19373.

7.   Defendant Pyramid Health, Inc. (hereinafter "Pyramid"), has a principal business located at 1894 Plank Road, Duncansville, PA 16635.

8.   Defendants C. Nardone, Sgt. Meyer, and John Doe Corrections Officers are adult citizens of Pennsylvania, with a business address of 500 Cheyney Road, Thornton, PA 19373, and are being sued in both their individual and official capacities.

9.   Jonathan Wolf, Jean Clifton, Jason Hendricks, Matt Hosband, Khalil Tawwab, Melissa Ortiz, and Matthew Parham are adult citizens of Pennsylvania, with a business address of 1894 Plank Rd, Duncansville, PA 16635.

10.     At all times material hereto, the individual defendants acted under color of law and within the course and scope of their employment, pursuant to the customs, policies, practices, ordinances, regulations, and directives of the Defendant Delaware County.

## **FACTUAL BACKGROUND**

11.     On November 10, 2021, Taylor Mensch, the decedent, was incarcerated for a bench warrant for a possession of narcotics matter in Delaware County, Pennsylvania.

12.     At the time of the abovementioned arrest, the decedent was unable to post bail.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

13.    The decedent had multiple open pending cases.

14.    The decedent did not have a detainer nor was she serving a sentence.

15.    Accordingly, the decedent was a pretrial detainee.

16.    At the time of the abovementioned arrest, the decedent was addicted to narcotics.

17.    While incarcerated, based upon information and belief, the decedent was selected for pre-trial intervention by the Court of Common Pleas of Delaware County, where she agreed to go to inpatient drug treatment in lieu of being prosecuted for the open cases.

18.    A judge from the Court of Common Pleas of Delaware County issued an Order that allowed the decedent to attend the pre-trial intervention program.

19.    At the time-period surrounding the decedent's arrest, Defendant Delaware County subcontracted their prison operations and responsibilities to the Defendant GEO Group.

20.    Accordingly, the GEO Group operated the George W. Hill Prison (hereinafter "GWH") on behalf of Delaware County.

21.    GWH is a large sprawling facility in Delaware County.

22.    At the entrance of GWH is a guard booth with a gate and a stop operated by a mechanical arm that allows entry to visitors once approved for entry by the guard.

23.    After the gate is a long driveway that curves to the left, leading to an extra-large parking lot, where the main entrance to the GWH is on the left.

24.    Further, based on information and belief, the GEO Group and Delaware County subcontracted their in-patient drug rehabilitation to Defendant Pyramid.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

25.     Based upon information and belief, in Pennsylvania when inmates are transported between county facilities, the Court of Common Pleas has a rote Order of "Sheriff to Transport" to the next facility.

26.     However, in Delaware County, due to the various levels of subcontracting, the Delaware County Sheriff's Department is not responsible for the transport of inmates to and from various facilities.

27.     In Pennsylvania, the function of transporting prison inmates to inpatient drug rehabilitation centers lies within the responsibilities of the Municipality.

28.     Further, based upon information and belief, Pyramid was subcontracted to provide transportation for inmates from GWH to and from the prison to Pyramid facilities, and to and from the courthouse in Media, PA, for inmates housed at any Pyramid facility, as part of the subcontracting agreement between Delaware County, the GEO Group, and Pyramid.

29.     Once the decedent was accepted to pre-trial interventional by the Court of Common Pleas of Delaware County, she was accepted at a Pyramid facility for inpatient drug rehabilitation.

30.     As part of the pre-trial intervention program from Delaware County, the decedent's bail was reduced to sign own bail (hereinafter "SOB"), with a term and condition of bail that she attend the inpatient drug program.

31.     The decedent was not paroled to the inpatient facility because she had not been sentenced on any count.

32.     Accordingly, the decedent was a pretrial detainee.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

33.    On December 8, 2021, the decedent was screened by GWH employees to exit the facility to be transported to a Pyramid facility. Two of the individual employees of the GEO group were Defendants Nardone and Meyer, who were personally involved in the decedent's transfer from GWH to Pyramid.

34.    On December 8, 2021, the decedent was cleared by GWH employees, including Defendants Nardone and Meyer, to be transferred to Pyramid.

35.    Defendants Nardone and Meyer both personally signed the abovementioned transfer paperwork.

36.    Defendants Nardone and Meyer personally reviewed the decedent's discharge paperwork.

37.    Defendants Nardone and Meyer personally authorized the decedent's transfer from GWH to Pyramid.

38.    Defendants Nardone and Meyer were personally involved in the decedent's release from custody at GWH.

39.    Defendants Nardone and Meyer were personally involved in decedent's transfer into Defendant Tawwab's custody as he operated Defendant Pyramid's transportation vehicle.

40.    Once the decedent was cleared for transfer, she was escorted out of the front door of the main entrance at the GWH facility by Defendants Nardone, Meyer, and John Doe Corrections Officers.

41.    The decedent was left on her own to wait for transport by Pyramid on Defendant GEO Group grounds. GWH did not have any employee waiting with the decedent outside of the front door of GWH.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

42.    Of course, GWH's employees abandoned the decedent outside the front door because they were no longer being paid for the decedent's supervision.

43.    GWH's employees left the decedent on the front step and washed their hands of any responsibility for her person.

44.    Eventually, Defendant Tawwab, on behalf of Pyramid, arrived at GWH to transport the decedent to the Pyramid in-patient facility.

45.    The decedent entered the vehicle operated by Defendant Tawwab.

46.    However, for an unknown reason, moments after the decedent entered the vehicle, the decedent became very upset and abruptly exited the transportation vehicle.

47.    Defendant Tawwab left the facility and did not call anyone for help or backup, including but not limited to, anyone from Delaware County, GWH, or Pyramid.

48.    At the time of the instant matter, when the inmate was resistant to transportation, Defendant Pyramid had a policy in place regarding transportation resistance and their transportation drivers:

> **Step 1:** Communicate in a low and consistent volume, what the concern is and what you need them to do to help resolve the concern.
>
> Example: "Right now you seem agitated and are raising your voice, I need you to take a minute to calm down—(offer water or putting the window down as a suggestion of what can help calm them down) if it helps to give me some time to discuss with you calmly".
>
> **Step 2:** Stop vehicle and have an initial conversation that focuses on solving the right problem, which often is de-escalating the situation. Then discuss potential solutions.
>
> Example: "You seem really frustrated that I can't give you your phone and I'm sorry. I want to help you be as successful as

7

possible to get you to treatment—what can we do to help you calm down so we can try to find a solution?" Offer—fresh air break, smoke break (if applicable), water and/or snack. Then once they are calm, talk about potential solutions-- I can reach out to dispatch and ask them to make a call for you if you think that would be helpful?"

**Step 3:** If previous options weren't successful--offer a collaboration call to a supervisor to discuss their concerns real time.

**Step 4:** If client is still not willing to proceed with transport expectations offer the client the choice to end the transport in a calm and neutral way.

Example: "In order to continue with a transport I need you to be willing to stay in the vehicle, calming with belongings in the back. Are you willing to do that or do you want to call dispatch to find a safe place for me to drop you off and we can stop the transport?"

**Step 5:** If a client declines to participate in a call with your supervisor but is still not calm enough to continue with transport contact supervisor to review options and if they are unavailable— dispatch.

**Step 6:** If your call to supervisor does not resolve issue and there is an Imminent safety risk initiate call to emergency services.

*"Resistance to Transportation Process" Defendant Pyramid's Document Production P. 5-7*

49.    Defendant Tawwab specifically did not follow "Step 5" above and call his supervisor, Defendant Melissa Ortiz or Vice-President of Operations, Defendant Matthew Parham.

50.    Defendant Tawwab specifically did not follow "Step 6" above and did not "initiate [a] call to emergency services."

51.    Based upon information and belief, the decedent was given a cellular device by an employee of Delaware County, GWH, the GEO Group, and/or Pyramid.

52.    Based upon information and belief, the decedent called her sister.

8

53.    Based upon information and belief, the decedent's sister drove to GWH and picked up the decedent.

54.    Based upon information and belief, the decedent's sister did not enter the premises of GWH – she pulled up to the front gate of the facility.

55.    The decedent was able to walk down the long winding driveway, without any supervision, past the guard booth, past the on-duty guard, and entered her sister's vehicle.

56.    Hours later, the decedent died by overdosing on narcotics.

57.    The decedent was never given drug treatment as ordered by the Delaware County Court of Common Pleas by the GEO Group or Pyramid.

58.    More outrageously, the GEO Group and Pyramid have a long and distinguished history of failing to protect inmates.

59.    The conduct of Defendants Tawwab and Doe was intended to injure in some way that was unjustified by any government interest—the conduct of Defendants Tawwab and Doe shocks the conscious.

60.    Accordingly, Defendants Delaware County, the GEO Group, and Pyramid failed to train and supervise Defendants Tawwab and Doe.

61.    At the time of the incident, Defendants Nardone and Meyer were responsible for training and supervising Defendants Doe regarding the transfer of inmates to court-ordered inpatient facilities and Defendant Pyramid's inpatient facilities.

62.    At the time of the incident, Defendant Ortiz was Defendant Tawwab's direct supervisor.

63.    Defendant Ortiz failed to train and supervise Defendant Tawwab.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

64.   At the time of the incident, Defendant Parham was the Vice President of Operations for Defendant Pyramid.

65.   Defendant Parham failed to train and supervise Defendants Ortiz and Tawwab.

66.   At the time of the incident, Defendants Wolf, Clifton, Hendricks, Hosband, Ortiz and Parham failed to train and supervise Defendant Tawwab.

67.   More specifically, Delaware County and the GEO Group have a long history of deliberate indifference to the treatment needs of inmates. The aforementioned policy, practice and/or custom related to the denial of medical care is shown by past incidents, including but not limited to:

    a.   *Strickland v. Delaware County*, et al., 2:21-cv-04141 (E.D. Pa.), the Defendants denied Plaintiff his prescribed methadone for his well-documented opioid use disorder, causing needless suffering and risking future harm;

    b.   The Delco Coalition for Prison Reform reports that Mr. Brian P. (a pseudonym) reported incidents of denial of medical treatment, such as himself being denied psychiatric medication until he became suicidal and an inmate with a necrotic leg being denied treatment for the same; DelcoCPR, "Mr. Brian P.", available at https://delcocpr.org/brian#;

    c.   *Pierre v. Delaware County*, et al., 2:22-cv-02989 (E.D. Pa.), the Defendants denied Plaintiff adequate medical care after he was assaulted by other inmates;

    d.   *Grinevich v. Delaware County*, et al., 2:21-cv-02003 (E.D. Pa.), the Defendants denied Plaintiff medical care after they broke her hand;

    e.   *Holmes v. GWHCF*, 2:22-cv-01698 (E.D. Pa.), the Defendants denied Plaintiff

10

medical care for a stomach virus he caught due to the conditions of his confinement; and

f. *Cephas v. GWHCF*, et al., 2:09-cv-06014 (E.D. Pa.), the Defendants ignored an apparent staph infection on the Plaintiff's leg, despite his repeated requests for treatment, allowing the abscess to grow and worsen until it caused the plaintiff to pass out and strike his head.

g. *Haralambos Giannopoulos v. Delaware County, et al.*, 2:22-cv-2075 (E.D. Pa.), the Defendant Correctional Officers attacked Plaintiff for no legitimate reason, then denied Plaintiff medical care for his injuries as a result of the attack.

## COUNT I
## VIOLATION OF CIVIL RIGHTS-42 U.S.C. § 1983 – SUPERVISORY LIABILITY
## PLAINTIFF V. DEFENDANTS WOLF, CLIFTON, HENDRICKS, HOSBAND, ORTIZ, and PARHAM

68.     Plaintiff incorporates the preceding paragraphs above as though fully set forth herein at length.

69.     Defendants Wolf, Clifton, Hendricks, Hosband, Ortiz, and Parham failed to have an adequate policy in place governing transfer of inmates from GWH to Pyramid; they failed to properly train their employees in policies and procedures; and they failed to properly supervise Defendant Tawwab, before and during the aforementioned pick-up of the decedent, thereby violating decedent's rights under the laws of the Constitution of the United States of America, in particular, the Fourteenth Amendment, their rights under 42 U.S.C. §1983.

70.     Defendants Wolf, Clifton, Hendricks, Hosband, Ortiz, and Parham negligently and unnecessarily with deliberate indifference created a dangerous situation, thereby directly causing serious injury and death to the decedent, which is a violation of her rights under the law and the

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

Constitution of United States of America and in particular, the due process clause of the Fourteenth Amendment, the Fourth Amendment, the Eighth Amendment, and her rights under 42 U.C.S. §1983.

71.    As a direct and proximate result of the aforesaid acts of Defendants Wolf, Clifton, Hendricks, Hosband, Ortiz, and Parham which were committed under color of their authority for Delaware County Pennsylvania, as subcontracted to the GEO Group and Pyramid, the decedent suffered grievous bodily injury and death which is a violation by said Defendants of the laws and the Constitution of the United States of America, in particular, the due process clause of the Fourteenth Amendment, the Fourth Amendment, the Eighth Amendment, and her rights under 42 U.C.S. §1983, which makes said Defendants liable to the Plaintiff.

72.    The acts committed by Defendants Wolf, Clifton, Hendricks, Hosband, Ortiz, and Parham with deliberate indifference and constituting a state created danger caused the previously described injuries to the decedent in violation of his constitutional rights as previously set forth in the aforementioned paragraphs.

73.    Defendants Wolf, Clifton, Hendricks, Hosband, Ortiz, and Parham, in their supervisory capacity over Defendant Tawwab, as set forth above and based upon their knowledge of other prior misconduct of Defendant Tawwab pertaining to inmate transfers and inappropriately operating their transfer vehicle while on duty, and their failure to discipline or properly train Defendant Tawwab prior to the subject pick-up or lack thereof constitutes an acquiescence to Defendant Tawwab's violation of the decedent's rights.

74.    Defendants Wolf, Clifton, Hendricks, Hosband, Ortiz, and Parham in their roles as policymakers for Pyramid, with deliberate indifference to the consequences, established,

12

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

implemented and maintained a policy or custom of inadequate training and therefore caused

Defendant Tawwab to transfer the decedent in an unsafe manner which deprived the decedent of

life and liberty, which directly caused the constitutional harm to the decedent.

WHEREFORE, Plaintiff demands judgment for compensatory damages against Defendants for

such sums as would reasonably and properly compensate him for injuries in an amount in excess

of One Million ($1,000,000.00) Dollars together with delay damages, interest, costs, attorneys'

fees, compensatory damages, punitive damages, and declaratory and injunctive relief.

### COUNT II
### VIOLATION OF CIVIL RIGHTS-42 U.S.C. § 1983 – SUPERVISORY LIABILITY
### PLAINTIFF V. DEFENDANTS NARDONE AND MEYER

75.    Plaintiff incorporates the preceding paragraphs above as though fully set forth herein at

length.

76.    Defendants Nardone and Meyer, failed to have an adequate policy in place governing

transfer of inmates from GWH to Pyramid; they failed to properly train their employees in

policies and procedures; and they failed to properly supervise Defendants Doe, before and during

the aforementioned pick-up of the decedent, thereby violating decedent's rights under the laws of

the Constitution of the United States of America, in particular, the due process clause of the

Fourteenth Amendment, the Fourth Amendment, the Eighth Amendment, and her rights under 42

U.C.S. §1983.

77.    Defendants Nardone and Meyer unnecessarily with deliberate indifference created a

dangerous situation, thereby directly causing serious injury and death to the decedent, which is a

violation of her rights under the law and the Constitution of United States of American and in

particular, the due process clause of the Fourteenth Amendment, the Fourth Amendment, the

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

Eighth Amendment, and her rights under 42 U.C.S. §1983.

78.    As a direct and proximate result of the aforesaid acts of Defendants Nardone and

Meyer, which were committed under color of their authority for Delaware County Pennsylvania,

as subcontracted to the GEO Group and Pyramid, the decedent suffered grievous bodily injury

and death which is a violation by said Defendants of the laws and the Constitution of the United

States of America, in particular, the due process clause of the Fourteenth Amendment, the Fourth

Amendment, the Eighth Amendment, and her rights under 42 U.C.S. §1983, which makes said

Defendants liable to the Plaintiff.

79.    The acts committed by Defendants Nardone and Meyer, with deliberate indifference

and constituting a state created danger caused the previously described injuries to the decedent in

violation of her constitutional rights as previously set forth in the aforementioned paragraphs, in

particular, the due process clause of the Fourteenth Amendment, the Fourth Amendment, the

Eighth Amendment, and her rights under 42 U.C.S. §1983.

80.    Defendants Nardone and Meyer, in their supervisory capacity over Defendants Doe, as

set forth above and based upon their knowledge of other prior misconduct of Defendants Doe

pertaining to the supervision of inmate transfers and inappropriately transferring inmates while

on duty, and their failure to discipline or properly train Defendants Doe prior to the subject pick-

up or lack thereof constitutes an acquiescence to Defendants Does' violation of the decedent's

rights.

81.    Defendants Nardone and Meyer, in their roles as policymakers for GEO, with

deliberate indifference to the consequences, established, implemented and maintained a policy or

custom of inadequate training and therefore caused Defendants Doe to transfer the decedent in an

14

unsafe manner which deprived the decedent of life and liberty, which directly caused the constitutional harm to the decedent.

WHEREFORE, Plaintiff demands judgment for compensatory damages against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of One Million ($1,000,000.00) Dollars together with delay damages, interest, costs, attorneys' fees, compensatory damages, punitive damages, and declaratory and injunctive relief.

### COUNT III
### VIOLATION OF CIVIL RIGHTS – 42 U.S.C. 1983
### PLAINTIFF v. DEFENDANT TAWWAB

82.     Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

83.     Defendant Tawwab was a state actor—he was a third-party subcontractor or an employee of a third-party subcontractor, involved in a function normally reserved for a government employee, transporting in-patient drug rehabilitation residents based on Court Orders.

84.     Defendant Tawwab engaged in an unlawful transfer of an inmate from GWH to Pyramid, thereby violating Plaintiff's decedent's rights under the laws of the Constitution of the United States of American, in particular, the due process clause of the Fourteenth Amendment, the Fourth Amendment, the Eighth Amendment, and her rights under 42 U.C.S. §1983.

85.     Defendant Tawwab, intentionally, recklessly and unnecessarily with deliberate indifference, created a dangerous situation, thereby directly causing serious injury and death of Plaintiff's decedent, which is a violation of his rights under the laws and the constitution of the United States and, in particular, the due process clause of the Fourteenth Amendment, the Fourth

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

Amendment, the Eighth Amendment, and her rights under 42 U.C.S. §1983.

86.    As a direct and proximate result of the aforesaid acts of Defendant Tawwab, which were committed under color of their authority as delegated and subcontracted through Delaware County and the GEO Group, Plaintiff's decedent suffered grievous bodily injury and death which is a violation by the Defendants of the laws and the Constitution of the United States of America, in particular, the due process clause of the Fourteenth Amendment, the Fourth Amendment, the Eighth Amendment, and her rights under 42 U.C.S. §1983, all of which makes Defendants Grant and Heeney liable to the Plaintiff's decedent.

87.    The acts committed by Defendant Tawwab constitute deliberate indifference and state created danger upon Plaintiff's decedent which caused the previously described injuries to Plaintiff's decedent. The actions of Defendant Tawwab shock the conscious, the harm caused to Plaintiff's decedent was foreseeable and direct, further, the Plaintiff's decedent was a foreseeable victim. Defendants' actions were an affirmative use of their authority in a way that created danger to citizens, including Plaintiff's decedent, that rendered her more vulnerable to danger than had Defendant Tawwab not acted at all, all in violation of the due process clause of the Fourteenth Amendment, the Fourth Amendment, the Eighth Amendment, and her rights under 42 U.C.S. §1983.

WHEREFORE, Plaintiff demands judgment for compensatory damages against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of One Million ($1,000,000.00) Dollars together with delay damages, interest, costs, attorneys' fees, compensatory damages, punitive damages, and declaratory and injunctive relief.

**COUNT IV –**
**MONELL CLAIM UNDER 42 U.S.C. § 1983**

16

## DEFENDANT DELAWARE COUNTY, the GEO GROUP, and PYRAMID

88.    Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

89.    Defendants Delaware County, the GEO Group, and Pyramid, through its prison system, transfer system, transportation system, pre-trial intervention, and narcotics inpatient rehabilitation system, established, knew of, and acquiesced to policies, procedures, and customs that Defendants knew or should have known would lead to violations of citizens' constitutional rights.

90.    The decision makers of Delaware County, the GEO Group, and Pyramid, who made, enforced, or turned a blind eye, to the defective policies, procedures, and customs including but not limited to the Defendants Nardone, Meyer, Wolf, Clifton, Hendricks, and Hosband, and the individual defendants' direct supervisors on the night in question: Defendants Tawwab and Doe.

91.    Defendants Delaware County, the GEO Group, and Pyramid acted with deliberate indifference to the consequences when establishing and enforcing inadequate policies, procedures, and customs.

92.    Defendants Delaware County, the GEO Group, and Pyramid, through its police department, did not properly establish a policy regarding transfers to and from GWH for inmates.

93.    Defendants Delaware County, the GEO Group, and Pyramid, did not properly establish a policy and train its staff when and how to transfer an inmate from GWH to another facility.

94.    The Plaintiff believes and therefore avers the Defendants Delaware County, the GEO Group, and Pyramid, have adopted and maintained for many years, a recognized and accepted policy, custom and/or practice of systematically failing to properly train, investigate, supervise

17

and discipline its employees, including the individual Defendants, regarding individuals' rights under the Fourteenth Amendment of the Constitution of the United States.

95.    Defendants Delaware County, the GEO Group, and Pyramid, knew or should have known that its employees engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like Plaintiff's decedent, and that they deliberately, knowingly and intentionally failed to take measures to stop or limit the policy, custom and practice and therefore acquiesced in, and were deliberately indifferent to, the aforementioned unconstitutional conduct and policy.

96.    By failing to take action to stop or limit the policy and/or custom and/or practice by remaining deliberately indifferent to the systematic abuse which occurred in accordance with and as a direct and proximate result of the policy, Defendants Delaware County, the GEO Group, and Pyramid condoned, acquiesced in, participated in, and perpetrated the policy in violation of the Plaintiff's decedent's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania.

97.    The conduct of Defendants Delaware County, the GEO Group, and Pyramid and/or the conduct of defendants' employees or agents, and/or policy maker for the Defendants Delaware County, the GEO Group, and Pyramid, were a factual cause of and/or the cause of the harm and damages sustained by Plaintiff's decedent.

WHEREFORE, Plaintiff demands judgment for compensatory damages against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of One Million ($1,000,000.00) Dollars together with delay damages, interest, costs, attorneys' fees, compensatory damages, and declaratory and injunctive relief. Punitive damages are specific

18

not sought for this claim.

## COUNT V – PENNSYLVANIA LAW – NEGLIGENCE
## PLAINTIFF v. DEFENDANT TAWWAB

98.    The allegations set forth in the foregoing paragraphs are incorporated by reference as if set forth fully herein.

99.    Defendant Tawwab, breached a duty of care owed to Plaintiff's decedent by operating the vehicle carelessly and negligently and arranging transportation from GWH to Pyramid carelessly and negligently by:

a.    abandoning Plaintiff's decedent at GHW's parking lot;

b.    failing to transport Plaintiff to the Pyramid Facility

c.    failing to contact anyone at GWH to alert anyone at GWH that Plaintiff's decedent did not enter his vehicle;

d.    failing to notify any guards working at the guard booth at GWH that the subject inmate did was not in his vehicle;

e.    failing to keep the decedent safe;

f.    failing to observe due care and precaution and to maintain the decedent's safety;

g.    failing to avoid injury to the decedent;

h.    failing to avoid the decedent's non-compliance from prison and/or court ordered treatment;

i.    failing to exercise reasonable care in the operation of the motor vehicle under the circumstances then and there existing; and

j.    failing in other respects not now known to the Plaintiff, but which may become known prior to or at the time of trial.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

100.   The Defendant's actions and omissions on the day in question, were the proximate cause of Plaintiff's decedent's death, injuries and damages.

101.   Further, Defendant Tawwab failed to follow Defendant Pyramid's policy on "Resistant to Transportation Policy," because Defendant Tawwab did not follow steps five and six of the aforementioned policy.

WHEREFORE, Plaintiff demands judgment for compensatory damages against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of One Million ($1,000,000.00) Dollars together with delay damages, interest, costs, attorneys' fees, compensatory damages, punitive damages, and declaratory and injunctive relief.

### COUNT VI – PENNSYLVANIA LAW – NEGLIGENCE
### PLAINTIFF v. DEFENDANTS TAWWAB, WOLF, CLIFTON, HENDRICKS, HOSBAND, ORTIZ, and PARHAM

102.   The allegations set forth in the foregoing paragraphs are incorporated by reference as if set forth fully herein.

103.   Defendants, Wolf, Clifton, Hendricks, Hosband, Ortiz and Parham breached a duty of care owed to Plaintiff's decedent by arranging transportation from GWH to Pyramid carelessly and negligently, by:

a.   not properly training and supervising Defendant Tawwab;

b.   not properly establishing and enforcing policies and procedures regarding the transfer of inmates to and from GWH to Pyramid;

c.   not properly ensuring Plaintiff's safe transportation to and from GWH to Pyramid;

d.   failing to keep the decedent safe;

e.   failing to observe due care and precaution and to maintain the decedent's safety;

Levin & Zeiger LLP
1500 JFK Blvd, Suite 620
Philadelphia, Pennsylvania 191029
215.546.0340

   f.   failing to avoid injury to the decedent;

   g.   failing to avoid the decedent's non-compliance from prison and/or court ordered

       treatment;

   h.   failing to exercise reasonable care in the supervising the operation of the motor vehicle

       under the circumstances then and there existing; and

   i.   failing in other respects not now known to the Plaintiff, but which may become known

       prior to or at the time of trial.

104.   Further, Defendant Tawwab failed to follow Defendant Pyramid's policy on "Resistant to Transportation Policy," because Defendant Tawwab did not follow steps five and six of the aforementioned policy.

105.   The Defendants' actions and omissions on the day in question were the proximate cause of Plaintiff's decedent's death, injuries and damages.

106.   As a direct and proximate result of the Defendants' negligence, Plaintiff's decedent suffered and underwent great pain and continued to do so until she died.

WHEREFORE, Plaintiff demands judgment for compensatory damages against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of One Million ($1,000,000.00) Dollars together with delay damages, interest, costs, attorneys' fees, compensatory damages, punitive damages, and declaratory and injunctive relief.

<u>**COUNT VII**</u>
<u>**PENNSYLVANIA LAW – VICARIOUS LIABILITY – RESPONDEAT SUPERIOR**</u>
<u>**PLAINTIFF v. the GEO GROUP**</u>

107.   The allegations set forth in the foregoing paragraphs are incorporated by reference as if fully set forth herein.

21

108.   Upon information and belief, Defendant the GEO Group employed and/or hired Defendants Doe to operate GWH on their behalf.

109.   Defendants Doe operated the GWH prison at the time of the incident during the course of and within the scope of their employment with Defendant, the GEO Group.

110.   Defendants Doe operated the GWH for the purpose of benefitting Defendant, the GEO Group.

111.   Defendant the GEO Group is vicariously liable for Defendants Does' negligence as noted above and Plaintiff herein makes a claim for the damages as noted above.

112.   Plaintiff makes a claim for such injuries, damages and consequences resulting from the incident of which he has no present knowledge.

WHEREFORE, Plaintiff demands judgment for compensatory damages against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of One Million ($1,000,000.00) Dollars together with delay damages, interest, costs, attorneys' fees, compensatory damages, punitive damages, and declaratory and injunctive relief.

## COUNT VIII
## PENNSYLVANIA LAW – VICARIOUS LIABILITY – RESPONDEAT SUPERIOR
## PLAINTIFF v. PYRAMID

113.   The allegations set forth in the foregoing paragraphs are incorporated by reference as if fully set forth herein.

114.   Upon information and belief, Defendant Pyramid employed and/or hired Defendant Tawwab to operate the vehicle Tawwab was driving on their behalf.

115.   Defendant Tawwab operated the vehicle at the time of the incident during the course of and within the scope of his employment with Defendant, Pyramid.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

116.   Defendants Tawwab's operation of the vehicle was for the purpose of benefitting Defendant, Pyramid.

117.   Further, Defendant Tawwab failed to follow Defendant Pyramid's policy on "Resistant to Transportation Policy," because Defendant Tawwab did not follow steps five and six of the aforementioned policy.

118.   Defendant Pyramid is vicariously liable for Tawwab's negligence as noted above and Plaintiff herein makes a claim for the damages as noted above.

119.   Plaintiff makes a claim for such injuries, damages and consequences resulting from the incident of which he has no present knowledge.

WHEREFORE, Plaintiff demands judgment for compensatory damages against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of One Million ($1,000,000.00) Dollars together with delay damages, interest, costs, attorneys' fees, compensatory damages, punitive damages, and declaratory and injunctive relief.

## COUNT IX
## PENNSYLVANIA LAW – BREACH OF CONTRACT – THIRD PARTY BENEFICIARY
## PLAINTIFF v. PYRAMID

120.   The allegations set forth in the foregoing paragraphs are incorporated by reference as if fully set forth herein.

121.   Upon information and belief, Defendants GEO Group and Delaware County subcontracted with Defendant Pyramid to provide in-patient drug rehabilitation to inmates from GWH to Pyramid.

122.   In the abovementioned contract, the GEO Group and Delaware County contemplated that Pyramid would provide transportation for patients being transferred to and from GWH and

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

court.

123.   The decedent was the third-party beneficiary of said contract on November 10, 2021.

124.   The Defendant GEO Group and Delaware County contemplated the decedent as a third party beneficiary of their contract with Pyramid—that should be provided transportation from GWH to in-patient rehabilitation.

125.   Defendant Pyramid breached their contract with the GEO Group on November 10, 2021, in that:

   a.   the contract existed between the GEO Group and Pyramid;

   b.   Plaintiff's decedent was the third-party beneficiary of the contract;

   c.   defendant, the GEO group relied on Pyramid to provide transportation to the decedent;

   d.   defendant Pyramid did not perform their portion of the contract without justification for nonperformance;

   e.   as a result of Pyramid's lack of performance, the decedent suffered injury—she is deceased.

126.   The Defendants' actions and omissions on the day in question were the proximate cause of Plaintiff's decedent's death, injuries and damages

127.   As a direct and proximate result of the Defendant Pyramid's breach of contract with the GEO Group and Delaware County, Plaintiff's decedent died.

WHEREFORE, Plaintiff demands judgment for compensatory damages against Defendants for such sums as would reasonably and properly compensate her for injuries in an amount in excess of One Million ($1,000,000.00) Dollars together with delay damages, interest, costs,

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

compensatory damages, and consequential damages.

Respectfully submitted,

/s Brian J. Zeiger
BRIAN J. ZEIGER, ESQUIRE
Identification No.: 87063
zeiger@levinzeiger.com
LEVIN & ZEIGER, LLP
1500 JFK Blvd, Suite 620
Philadelphia, Pennsylvania 19102
215.546.0340

/s Lauren A. Wimmer
LAUREN A. WIMMER, ESQUIRE
Identification No.: 319955
Lauren@LAWimmer.com
WIMMER CRIMINAL DEFENSE, PC
505 South Street
Philadelphia, Pennsylvania 19147
215.712.1212

25

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Lisa Mensch, Administrator of the | : | TRIAL BY JURY DEMAND |
| Estate of Taylor Mensch | : | |
| | : | 22-cv-4959 |
| v. | : | |
| | : | |
| Pyramid Healthcare, Inc. | : | |

**CERTIFICATE OF SERVICE**

We have served the attached pleaded on the following via this Court's ecf e-filing system, today:

Alexis Ann Langella, Esquire
Joshua Thomas Calo, Esquire
Matthew H. Fry, Esquire
Matthew T. Corso, Esquire

Respectfully submitted,

/s Brian J. Zeiger
BRIAN J. ZEIGER, ESQUIRE
Identification No.: 87063
zeiger@levinzeiger.com
LEVIN & ZEIGER, LLP
1500 JFK Blvd, Suite 620
Philadelphia, Pennsylvania 19102
215.546.0340

/s Lauren A. Wimmer
LAUREN A. WIMMER, ESQUIRE
Identification No.: 319955
Lauren@LAWimmer.com
WIMMER CRIMINAL DEFENSE, PC
505 South Street
Philadelphia, Pennsylvania 19147
215.712.1212

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340