IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA MENSCH, Administrator of the Estate of Taylor Mensch,<br>        Plaintiff,<br><br>v.<br><br>PYRAMID HEALTHCARE, INC.,<br>DELAWARE COUNTY,<br>THE GEO GROUP, INC.,<br>JONATHAN WOLF,<br>JEAN CLIFTON,<br>JASON HENDRICKS,<br>MATT HOSBAND,<br>MELISSA ORTIZ,<br>MATTHEW PARHAM,<br>KHALIL TAWWAB,<br>C. NARDON,<br>SGT. MEYER, and<br>JOHN DOE CORRECTIONS OFFICERS,<br>        Defendants. | CIVIL ACTION<br><br><br><br>NO.  22-4959 |

HODGE, J.                                                                                                                                            March 31, 2025

<u>**MEMORANDUM**</u>

I.     **INTRODUCTION**

      In her Amended Complaint, Plaintiff Lisa Mensch ("Plaintiff"), the administrator of the estate of decedent Taylor Mensch ("Mensch"), asserts nine counts against thirteen named defendants. (ECF No. 43 at 1-2). Specifically, Plaintiff presents constitutional claims under 42 U.S.C. § 1983, alleging violations of Mensch's rights under the Fourth Amendment, the Eighth Amendment, and the Due Process Clause of the Fourteenth Amendment (Counts I-III) against Defendants Jonathan Wolf, Jean Clifton, Jason Hendricks, Matt Hosband, Melissa Ortiz, Matthew Parham, Khalil Tawwab, C. Nardone, and Sergeant Meyer; a *Monell* claim for alleged

1

unconstitutional policies and customs within the "prison system, transfer system, transportation system, pre-trial intervention, and narcotics inpatient rehabilitation system" (Count IV) against Delaware County, the GEO Group, Inc. ("GEO"), and Pyramid Healthcare, Inc. ("Pyramid"); claims under state tort law for negligence and vicarious liability (Claims V-VIII) against Defendants Jonathan Wolf, Jean Clifton, Jason Hendricks, Matt Hosband, Melissa Ortiz, Matthew Parham, Khalil Tawwab, GEO, and Pyramid; and a claim under state law for breach of contract (Claim IX) against Pyramid. (*Id.* at 11-25).

With the exception of Defendants John Doe Corrections Officers ("Doe Officers"), the remaining Defendants ("Moving Defendants") have moved to dismiss all claims against them. For the reasons discussed below, the Court will grant Moving Defendants' Motions to Dismiss (ECF Nos. 50, 56, 57) with prejudice.[1]

## II.     BACKGROUND[2]

On November 10, 2021, Mensch was arrested for possession of narcotics and, unable to post bail, was held as a "pretrial detainee" at the George W. Hill Correctional Facility ("GWH"), an institution operated by GEO on behalf of Delaware County. (ECF No. 43 at ¶¶ 11, 12, 15, 20). Based on Mensch having a narcotics addiction and multiple cases pending at the time of her

---

[1] The Court notes that Plaintiff moves to strike Defendants' Motion to Dismiss as to Defendants Jonathan Wolf, Jean Clifton, Jason Hendricks, Matt Hosband, Matthew Parham, and Melissa Ortiz (ECF No. 60) on the basis that defense counsel violated this Court's policies and procedures by also representing Defendants Pyramid and Khalil Tawwab and filing a separate motion to dismiss on their behalf (ECF No. 56). Thus, Plaintiff contends, defense counsel exceeded the page limit in their cumulative filings. Defendants assert that the parties defense counsel represents have a right to file separate dispositive motions in § 1983 claims, consistent with applicable law that strictly limits such liability to the specific acts of each individual. *See, e.g., Mumma v. High-Spec, In.*, 400 F.App'x 629, 630 (3d Cir. 2010). The Court agrees and finds that Defendants' Motion and briefing address distinct claims, legal standards, and arguments that are specific to the individual Defendants represented. The Court thus denies the Motion and accepts the filings of defense counsel as being made on behalf of the parties.
[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

arrest, (*Id.* at ¶¶ 13, 16), the Court of Common Pleas of Delaware County selected Mensch for pre-trial intervention, in which she agreed to go to inpatient drug treatment in lieu of being prosecuted for her pending cases. (*Id.* at ¶¶17, 18).

On December 8, 2021, Mensch was released on bail from GWH with an order from the court to attend in-patient rehabilitation at Pyramid Healthcare Lehigh Valley Inpatient Treatment Center, a private company that provides various services in behavioral health and addiction recovery. (Id. at ¶¶ 29, 30; ECF No. 56-1 at 8). Plaintiff alleges that Delaware County and GEO subcontracted their inpatient drug rehabilitation to Pyramid and that, as part of the subcontracting agreement, Pyramid provided transportation for inmates from GWH to Pyramid facilities. (ECF No. 43 at ¶¶ 24, 28).

According to the Amended Complaint, Defendants Nardone and Meyer — both GWH employees — authorized Mensch's release from GWH to Pyramid and, along with Defendants John Doe Corrections Officers, escorted her out of GWH's main entrance to wait alone until a Pyramid employee picked her up. (*Id.* at ¶¶ 33, 37, 40, 41). Eventually, Defendant Tawwab, a driver employed by Pyramid, arrived at GWH to transport Mensch to one of Pyramid's facilities. (*Id.* at ¶ 44). Briefly after getting into the vehicle operated by Tawwab, Mensch inexplicably "became very upset, exited the vehicle, and refused to get back inside," leading Tawwab to leave GWH with Mensch remaining on GWH property. (*Id.* at ¶¶ 45-48). Mensch then borrowed someone's cell phone to call her sister, who came and picked Mensch up at the front gate of GWH. (*Id.* at ¶¶ 52-54). Later that same day, Mensch fatally overdosed on narcotics. (*Id.* at ¶ 56).

I.     **LEGAL STANDARD**

3

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the allegations contained in the complaint." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Zuber v. Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) (internal quotation marks and citation omitted). A complaint is plausible on its face when the plaintiff pleads a factual contention that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Additionally, courts must "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).

"[A] complaint need not establish a prima facie case in order to survive a motion to dismiss." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 788 (3d Cir. 2016). Instead, plaintiffs "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element," *Fowler*, 578 F.3d at 213 (internal quotation marks omitted), and must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

II.     **DISCUSSION**

    A.     **42 U.S.C § 1983 and *Monell* Claims (Counts I-IV)**

Plaintiff alleges in her Amended Complaint that Defendants Jonathan Wolf, Jean Clifton, Jason Hendricks, Matt Hosband, Melissa Ortiz, Matthew Parham, Khalil Tawwab, C. Nardone,

and Sergeant Meyer each violated her federal constitutional rights, specifically alleging violations of Mensch's rights under the Fourth Amendment, the Eighth Amendment, and the Due Process Clause of the Fourteenth Amendment, and are therefore liable under 42 U.S.C § 1983 ("§ 1983"). She similarly alleges a *Monell* claim against Delaware County, GEO, and Pyramid, asserting that, through the conduct of their "employees or agents, and/or policy maker[s]," these Defendants established policies and procedures violative of Mensch's constitutional rights and are therefore liable under § 1983. (ECF No. 43 at ¶ 97).

The Court finds that Plaintiff fails to allege any policies or procedures set forth by Delaware County or GEO, or any failure to train or supervise by C. Nardone or Sergeant Meyer, that resulted in a violation of Mensch's constitutional rights. The Court also finds that Pyramid, Jonathan Wolf, Jean Clifton, Jason Hendricks, Matt Hosband, Melissa Ortiz, Matthew Parham, and Khalil Tawwab are not state actors and, therefore, cannot be held liable for constitutional violations under § 1983.

Under § 1983, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." To adequately plead a § 1983 claim, a plaintiff must demonstrate that: "(1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States." *Simonton v. Tennis*, 437 F. App'x. 60, 61-62 (3d Cir. 2011) (citing *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (en banc)). "Action under color of state law requires that one liable

under § 1983 have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (internal quotation marks omitted).

### 1. Nardone, Meyer, Delaware County, and GEO

The Court dismisses Claims II and IV of the Amended Complaint as to Defendants C. Nardone, Sergeant Meyer, Delaware County, and GEO. Plaintiff fails to allege sufficient facts to hold Nardone and Meyer liable in their capacity as supervisors of John Doe Corrections Officers at GEO, and also fails to allege a practice, policy, or custom necessary for municipal liability as to Delaware County and GEO under *Monell*.

Plaintiff brings a § 1983 supervisory liability claim against Nardone and Meyer based on their supervision of John Doe Corrections Officers (Count II). But liability under § 1983 cannot be predicated on a respondeat superior basis. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 227 (3d Cir. 2015). Instead, there are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015). First, "[i]ndividual defendants who are policymakers may be liable under § 1983 if it is shown that such defendants, with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). The plaintiff "must identify the supervisor's specific acts or omissions demonstrating the supervisor's deliberate indifference to the [plaintiff's] risk of injury and must establish a link between the supervisor, the act, and the injury." *Chavarriaga*, 806 F.3d at 227.

Second, "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinates' violations." *A.M. ex rel. J.M.K.*, 372 F.3d at 586. Generalized allegations that a supervisory defendant is "in charge of" or "responsible for" an office or facility are insufficient to allege personal involvement in an underlying constitutional violation. *See Saisi v. Murray*, 822 F.App'x 47, 48 (3d Cir. 2000) (per curiam) ("[Plaintiff] asserted that some defendants were 'in charge of agencies that allowed this to happen,' and that liability stemmed merely from defendants' 'belief' that their conduct would be 'tolerated.' However, a director cannot be held liable 'simply because of his position as the head of the [agency].'" (quoting *Evancho v. Fisher*, 423 F.3d 347, 354 (3d Cir. 2005))).

Plaintiff has presented only conclusory allegations that Nardone and Meyer, "in their roles as policymakers for GEO, with deliberate indifference to the consequences, established, implemented and maintained a policy or custom of inadequate training and therefore caused Defendants Doe to transfer the decedent in an unsafe manner which deprived the decedent of life and liberty." (ECF No. 43 at ¶ 81). Plaintiff has not specified how any training was inadequate with respect to any constitutional violation, much less alleged sufficient facts for the court to conclude that any inadequate training *caused* a constitutional violation. Nor has she alleged that Nardone and Meyer participated in a constitutional violation, directed Doe Officers to do so, or — as the persons "responsible for training and supervising Defendants Doe regarding the transfer of inmates" to inpatient facilities — had knowledge of and acquiesced in any alleged constitutional violations. (*Id.* at ¶ 61). Absent facts in her pleading, Plaintiff's claim cannot move forward at this stage, as she presents nothing more than a bald assertion lacking the requisite substance.

Plaintiff also asserts a claim for municipal liability against Delaware County and GEO (Count IV). To plead a municipal liability claim under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of her constitutional rights. *See Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A plaintiff may also state a basis for *Monell* municipal liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019). "This consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.* "Ordinarily, this requires a plaintiff to identify a pattern of similar constitutional violations by untrained employees that puts municipal decisionmakers on notice that a new program is necessary." *Johnson v. City of Philadelphia*, 975 F.3d 394, 403 (3d Cir. 2020) (internal quotations omitted). "Otherwise, the plaintiff needs to show that failure to provide the identified training would likely result in the violation of constitutional rights – i.e., to show that the need for more or different training was so obvious." *Id.* (internal quotations and alterations omitted).

Plaintiff's Amended Complaint alleges that Delaware County and GEO "have adopted and maintained for many years, a recognized and accepted policy, custom and/or practice of systematically failing to properly train, investigate, supervise and discipline its employees, including the individual Defendants, regarding individuals' rights under the Fourteenth Amendment." (ECF No. 43 at ¶ 94). But there are no facts alleged from which the Court could infer a policy, custom, or practice. Nor does Plaintiff describe a pattern of constitutional violations or an obvious need for training or supervision that supports a plausible inference that

Delaware County and GEO violated Mensch's rights. While Plaintiff cites in her Amended Complaint other cases allegedly demonstrating Delaware County and GEO's record of "deliberate indifference to the treatment needs of inmates," (*Id.* at ¶ 67), none of these cases are factually similar to the instant case, as they all involved plaintiffs who were in criminal custody. Mensch, on the other hand, was released on bail per the Delaware County Court of Common Pleas at the time the harm took place. (*Id.* at ¶ 30).

Due to the broad and conclusory nature of Plaintiff's allegations, the Court cannot plausibly infer municipal liability. *See, e.g., Phillips v. Northampton Co. P.A.*, 687 F. App'x 129, 132 (3d Cir. 2017) (per curiam) (affirming dismissal of *Monell* claims where, "[o]ther than some wholly conclusory and highly generalized assertions about unspecified patterns of misconduct, [plaintiff] pleaded no facts to support the existence of any policy, custom, or practice beyond those involving his own [experiences]").

Plaintiff fails to allege an actual failure to supervise or train, or the existence of a policy or procedure violative of Mensch's constitutional rights. As a result, the Court dismisses Counts II and IV against Defendants Nardone, Meyer, Delaware County, and GEO.

    **2. Pyramid, Jonathan Wolf, Jean Clifton, Jason Hendricks, Matt Hosband, Melissa Ortiz, Matthew Parham, and Khalil Tawwab**

Defendants Pyramid and its individual employees — Jonathan Wolf, Chief Executive Officer; Jean Clifton, Chief Financial Officer; Jason Hendricks, Chief Operating Officer; Matt Hosband, Executive Vice President; Matthew Parham, Vice President of Admissions; Melissa Ortiz, Transportation Supervisor; and Khalil Tawwab (collectively "Pyramid Defendants") — argue that they are not state actors and, therefore, the § 1983 claims against them (Counts I, III, and IV) cannot proceed. The Court agrees, and accordingly dismisses these counts as to Pyramid Defendants.

A private party is a state actor for the purposes of a § 1983 action when "the actor is so integrally related to the state that it is fair to impute to the state responsibility for the action." *Leshko v. Servis*, 423 F.3d 337, 340 (3d Cir. 2005). Plaintiffs seeking to establish state action on the part of a private party must show that the specific action that gave rise to the claim is influenced, encouraged, or jointly participated in by the state. *Cf. Leshko*, 423 F.3d at 341 ("[P]laintiff does not allege that Pennsylvania forced or encouraged, or jointly participated in, [Defendants'] negligent behavior, and therefore [Plaintiff] states no claim of state action on the basis of regulation and funding.").

To further clarify the line between state and private actors, the Third Circuit recognizes three broad tests to determine when state action exists. The first inquiry — the "public function" test — asks "whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009). This "exclusive public function test" is "rarely . . . satisfied." *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1142 (3d Cir. 1995). The second inquiry — the "close nexus" test — asks "whether the private party has acted with the help of or in concert with state officials." *Kach*, 589 F.3d at 646. The third inquiry — the "symbiotic relationship" test — asks "whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Id.* (internal quotation marks and alteration omitted).

Plaintiff argues that Pyramid Defendants were state actors because Pyramid subcontracted with Delaware County and GEO "to provide in-patient drug rehabilitation to inmates from GWH to Pyramid," and Tawwab, as "an employee of a third-party subcontractor, [was] involved in a function normally reserved for a government employee[:] transporting in-patient drug rehabilitation residents based on Court Orders." (ECF No. 43 at ¶¶ 83, 121).

10

Pyramid Defendants counter that, rather than being "under [any] contract or obligation from the Court, County, or any government agency to transport Ms. Mensch to its center," Pyramid "offer[s] complimentary transportation to and from its inpatient centers to its clients," "does not operate [GWH]," and "does not provide drug treatment or medical services within the prison." (ECF No. 56-1 at 8, 15). Taking Plaintiff's allegation regarding the existence of Pyramid's contract with Delaware County and GEO as true, this fact alone does not support a finding that Pyramid Defendants were state actors under any of the three threshold tests outlined by the Third Circuit.

Under the public function test, Plaintiff's Amended Complaint does not allege that Pyramid Defendants performed any function that is exclusively the province of the state. On the contrary, the function that Plaintiff alleges Defendants perform is a non-public function. *See Allah v. O'Conner*, No. CV 18-4048, 2020 U.S. Dist. LEXIS 164243, 2020 WL 5408066, at *4 (E.D. Pa. Sept. 9, 2020) ("Substance abuse and mental health treatment is not traditionally the exclusive prerogative of the state."). Thus, the fact that Pyramid may have contracted with Delaware County and GEO to transport individuals like Mensch to its inpatient facilities for drug rehabilitation does not itself demonstrate that Pyramid Defendants served a public function for § 1983 purposes.

Under the close nexus test, a private entity may be considered a state actor where its activity and that of the state are connected such that the action of the private entity "may be fairly treated as that of the State itself." *Blum*, 457 U.S. at 1004. Thus, the state is "responsible for a private decision when it has 'exercised coercive power or has provided such significant encouragement [], that the choice must in law be deemed that of the state.'" *Monteleone v. United Concordia Companies*, No. 09-1114, 2010 U.S. Dist. LEXIS 14634, 2010 WL 653928, at

*3 (W.D. Pa. Feb. 19, 2010) (quoting *Blum*, 457 U.S. at 1004). Here, there is no evidence suggesting that the state coerced or encouraged Pyramid Defendants, or vice versa. Notwithstanding Plaintiff's allegation that Pyramid Defendants constitute "prison personnel" and "stand[] in the shoes of corrections officers who routinely transports pretrial detainees and inmates," (ECF No. 59 at 12, 20), Mensch was not in the custody of the state at the time of her discharge from GWH and impending transfer to inpatient treatment. As a result, Pyramid Defendants lacked the authority to detain or restrict Mensch in any way. This is illustrated by Plaintiff's own narrative that, after "exit[ing] the transportation vehicle," Mensch called her sister on a cell phone provided to her, "[her] sister drove to GWH and picked up [Mensch]," and Mensch walked "past the guard booth, past the on-duty guard, and entered her sister's vehicle." (ECF No. 43 at ¶¶ 46, 51-53, 55). These facts do not paint a picture of a private entity performing a role analogous to law enforcement, and as such, Plaintiff has failed to make out state action under this test. *See Outen v. Prialeau*, No. 12-4166, 2013 U.S. Dist. LEXIS 64032, 2013 WL 1875042, at *4 (E.D. Pa. May 3, 2013) (dismissing plaintiff's Fourteenth Amendment claim on grounds that "(1) Defendants do not appear to fit within the plain meaning of 'state actors' as they are employees of Gaudenzia and not the government; and (2) Defendants did not have the authority to make the decision to return Plaintiff to jail").

The "symbiotic relationship" test concerns whether the private entity and the state are "inextricably linked together." *Mark v. Borough of Hatboro*, 856 F. Supp. 966, 975 (E.D. Pa. 1994). Under this test, "neither extensive financial assistance nor routine state regulation constitute[s] state action." *Id.* Despite Plaintiff's contentions regarding Pyramid's contract with Delaware County and GEO, it is Plaintiff's burden to show that Pyramid Defendants and the state were so interdependent that they must be recognized as joint participants. *See, e.g., Smith v.*

12

*Devline*, 239 F. App'x 735, 736 (3d Cir. 2007) (holding at summary judgment stage that plaintiff failed to meet his burden to prove that residential treatment center where plaintiff was paroled acted under color of state law despite center's contract with various government entities). Plaintiff has not met that burden.

Accordingly, the Court dismisses Counts I, III, and IV against Pyramid Defendants, as they do not constitute an entity or person "acting under color of law."

### B. State Law Tort and Contract Claims (Counts V-IX)

Plaintiff further alleges state law tort and contract claims against Defendants Jonathan Wolf, Jean Clifton, Jason Hendricks, Matt Hosband, Melissa Ortiz, Matthew Parham, Khalil Tawwab, GEO, and Pyramid. Finding insufficient facts in the Amended Complaint to substantiate Plaintiff's allegations, the Court dismisses these claims.

#### 1. Jonathan Wolf, Jean Clifton, Jason Hendricks, Matt Hosband, Melissa Ortiz, Matthew Parham, and Khalil Tawwab (collectively "Pyramid Employees")

Plaintiffs brings negligence claims against Pyramid Employees (Counts V and VI) based on Defendant Tawwab's failure to transport Mensch to Pyramid's facility. The Court dismisses all negligence-related claims as to Pyramid Employees.

Under Pennsylvania law, a negligence claim requires proof of four elements: (1) a duty to a foreseeable plaintiff; (2) a breach of that duty; (3) a causal relationship between the tortfeasor's breach and the plaintiff's injuries; and (4) actual loss or damages. *See Galullo v. Fed. Express Corp.*, 937 F. Supp. 392, 394 (E.D. Pa. 1996). In Pennsylvania, "causation involves both cause in fact (or physical cause) and proximate (or legal) cause." *Id.*

In determining whether a defendant's negligence is the proximate cause of an injury, Pennsylvania has adopted the "substantial factor" test, which turns on whether "the alleged

wrongful acts were a substantial factor in bringing about the plaintiff's harm." *Id.* at 395 (citing *E.J. Stewart, Inc. v. Aitken Prods., Inc.*, 607 F. Supp. 883, 889 (E.D. Pa. 1985), *aff'd*, 779 F.2d 42 (3d Cir. 1986)). The Pennsylvania Supreme Court set forth three factors to consider in a "substantial factor" analysis:

> (a) the number of other factors which contribute in producing the harm and the extent of the effect which they have in producing it;
>
> (b) whether the actor's conduct has created a force or series of forces which are in continuous and active operation up to the time of the harm, or has created a situation harmless unless acted upon by other forces for which the actor is not responsible; [and]
>
> (c) lapse of time.

*Vattimo v. Lower Bucks Hosp., Inc.*, 465 A.2d 1231, 1234 (Pa. 1983) (citing RESTATEMENT OF TORTS, SECOND § 433 (1965)). The ultimate inquiry is whether the "negligence, if any, was so remote that as a matter of law, [the actor] cannot be held legally responsible for [the] harm which subsequently occurred." *Lux v. Gerald E. Ort Trucking, Inc.*, 887 A.2d 1281, 1286 (Pa. Super. Ct. 2005) (quotation omitted).

Pyramid Employees argue that Mensch's choice to get out of the vehicle Tawwab was driving renders any negligence on their part too remote to serve as a proximate cause of Mensch's fatal overdose. (ECF No. 56-1 at 11). Giving Plaintiff the benefit of the doubt that Pyramid Employees owed Mensch a duty of care in the first place, the Court agrees with Pyramid Employees' position. Pyramid Employees did not engage in any conduct that created the series of events that led to Mensch's death. Indeed, as it pertains to them, all the Amended Complaint states is that, after Mensch voluntarily "exited the transportation vehicle" Tawwab was driving, Tawwab ignored Pyramid's instructions to call his supervisor or emergency services in the event of an "[i[mminent safety risk," which the alleged facts do not show existed. (ECF

14

No. 43 at ¶¶ 46-50). The subsequent intervening events involved conduct independent of Pyramid Employees' actions, including Mensch's calling her sister, walking past the gates of GWH, traveling to another location, obtaining and ingesting narcotics, and dying "hours later" as the result of an overdose. (*Id.* at ¶ 56). While Mensch's passing is a tragedy, the circumstances that preceded her death were not evident and, thus, do not rise to a level of an imminent risk of harm, nor were the circumstances that befell her reasonably foreseeable at the time she exited Tawwab's vehicle. Moreover, Mensch was not in custody and exercised her free will in making the independent decisions that led to her death. None of those decisions were the fault of Defendants or the duty of Defendants to change, as they could not read Mensch's mind or predict her future actions.

For the foregoing reasons, Plaintiff has failed to state a negligence a claim against Pyramid Employees. Accordingly, the Court dismisses Counts V and VI.

### 2.     GEO

Plaintiff alleges that GEO is vicariously liable for the negligent acts of Doe Officers (Count VII). (ECF No. 43 at ¶¶ 21-22). But Plaintiff does not bring any claim against Doe Officers, therefore failing to tie her respondeat superior claim to an underlying cause of action. Accordingly, the Court dismisses Count VII because, under Pennsylvania law, "there is no independent cause of action for respondeat superior." *Booker v. Nat'l R.R. Passenger Corp.*, 880 F. Supp. 2d 575, 586 (E.D. Pa. 2012).

### 3.     Pyramid

Plaintiff also alleges that Pyramid is vicariously liable for Defendant Tawwab's actions (Count VIII). "A claim of vicarious liability is inseparable from the claim against the agent since any cause of action is based on the acts of only one tortfeasor." *Mamalis v. Atlas Van Lines, Inc.*,

560 A.2d 1380, 1383 (Pa. 1989). In turn, "termination of the claim against the agent extinguishes the derivative claim against the principal." *Id.* As discussed *supra*, the Court dismisses the negligence and § 1983 claims against Tawwab, and therefore dismisses Count VIII as well.

Lastly, Plaintiff asserts a claim for breach of contract against Pyramid (Count IX). She argues that a term of the purported agreement between Pyramid, Delaware County, and GEO stated that Pyramid "would provide transportation for patients being transferred to and from GWH and court," and that Pyramid breached this term when Defendant Tawwab failed to transport Mensch to one of Pyramid's facilities. (ECF No. 43 at ¶¶ 122, 125).

To state a claim for breach of contract, a plaintiff must establish: (1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) resultant damages. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003). Generally, to bring a claim for breach of contract, the plaintiff must be a party to the agreement. *Electron Energy Corp. v Short*, 597 A.2d 175, 177 (Pa. Super. Ct. 1991). An exception to this general rule grants intended third-party beneficiaries standing to pursue a breach of contract claim. *Guy v. Liederbach*, 459 A.2d 744, 751 (Pa. 1983). For a third-party beneficiary to recover on a contract, the "contracting parties must have expressed an intention that the third party be a beneficiary, and that intention must have affirmatively appeared in the contract itself." *Scarpitti v. Weborg*, 609 A.2d 147, 149 (Pa. 1992). In *Scarpitti*, the court also explained that if the intention is not expressly stated in the contract, a party may still be considered a third-party beneficiary if — among other things — "the circumstances are *so compelling* that recognition of the beneficiary's right is appropriate to effectuate the intention of the parties." *Id.* at 150 (citations omitted) (emphasis added).

Plaintiff makes a conclusory allegation that the contracting parties contemplated Mensch as a third-party beneficiary of their agreement on the grounds that she was supposed to "be provided transportation from GWH to in-patient rehabilitation." (ECF No. 43 at ¶ 124). The Court has not seen (to the extent it was written) the contract between Pyramid, Delaware County, and GEO, and consequently cannot determine whether or not these parties intended for Mensch to be a third-party beneficiary. Plaintiff must therefore show that the circumstances are "so compelling" that Mensch should be recognized as a third-party beneficiary of the purported contract.

Upon the Court's review, the purpose of any contract between Pyramid, Delaware County, and GEO was not to benefit Mensch to any extent that the circumstances compel recognizing her as a third-party beneficiary. In her Amended Complaint, Plaintiff does no more than restate that Mensch "was the third-party beneficiary of the contract" and claim that GEO relied on Pyramid to provide transportation to Mensch. Plaintiff does not provide any reason or factual support as to why the situation is "so compelling" to warrant Mensch's status as a third-party beneficiary nor does the Court find one.

Accordingly, the Court dismisses Count IX.

### C.      Dismissal with Prejudice

The Court may dismiss a complaint with prejudice when granting leave to amend would be "futile" or "inequitable." *See Phillips*, 515 F.3d at 245. "The decision to dismiss a complaint [] with prejudice[] is within the district court's discretion." *See Beale v. Experian Info. Sols., Inc.*, No. CV 22-4810, 2023 U.S. Dist. LEXIS 229382, 2023 WL 8936342, at *1 (E.D. Pa. Dec. 27, 2023) (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)).

Here, the Court exercises its discretion to dismiss the Amended Complaint with prejudice. Plaintiff has already had the opportunity to state claims against these Defendants, having asserted the exact same causes of action in her original Complaint, ECF No. 1-3, as in her Amended Complaint. To give her a second opportunity to amend — and likely re-allege the same claims with additional conclusory allegations — would be inequitable to Moving Defendants. *See Hobson v. St. Luke's Hosp. & Health Network*, 735 F. Supp. 2d. 206, 209 n.3 (E.D. Pa. 2010) (dismissing plaintiff's amended complaint with prejudice because the plaintiff failed to state a claim in both the original and amended complaints, as "it would be inequitable to subject defendant to further expense of time and effort responding to a third iteration of plaintiff's Complaint").

### III. <u>CONCLUSION</u>

For the reasons stated herein, the Court will grant the Motions to Dismiss filed by Moving Defendants. An appropriate order will follow.[3]

**BY THE COURT:**

**The Hon. Kelley B. Hodge**

**HODGE, KELLEY B., J.**

---

[3] While no motion has been made by Defendants John Doe Corrections Officers, the Court extends its dismissal to these defendants on account of the conclusory nature of Plaintiff's claims.